# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

FRANZ HARDIN,

:

    Petitioner,                                          Case No. 3:09-cv-019

:          District Judge Thomas M. Rose

   -vs-                                                 Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
 Institution,

:

    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases. Petitioner Franz Hardin was convicted in the Darke County Common Pleas of felonious assault with a firearm specification and having weapons under disability and sentenced to ten years imprisonment on the assault charge, with two consecutive three-year sentences for the firearm specification and the weapons under disability count.

Petitioner pleads two grounds for relief:

> **Ground One**: Due process violation in imposing sentence enhanced beyond statutory maximum based on ex post facto effect of judicial legislation.
>
> **Supporting Facts:** Maximum statutory sentence was three years concurrent (not counting three year term for specification based on other unaffected statutes). This maximum was exceeded based upon state supreme court decision which had ex post facto effect of enlarging the otherwise statutory maximum sentence beyond three years, despite clear legislative intent otherwise; Ohio has no sentencing "range".

> **Ground Two:** Due process violation in imposing consecutive terms without subject matter jurisdiction to do so.
>
> **Supporting Facts:** Trial court imposed consecutive terms of ten and three years. No statutes exist under Ohio law following *State v. Foster* decision that vest subject matter jurisdiction in a trial court to impose consecutive terms. [Specification is separate and consecutive under separate statute.]

(Petition, Doc. No. 1.)

Petitioner was sentenced January 31, 2006. About a month later the Ohio Supreme Court decided *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), which held that Ohio's sentencing scheme – which required trial judge's to make findings of fact beyond what a jury had found or the defendant admitted in order to justify more than a minimum sentence or consecutive sentences – was unconstitutional under the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). On Petitioner's first appeal, the Darke County Court of Appeals reversed the sentence and "remanded the matter for re-sentencing. On remand, the trial court imposed the same sentence previously imposed without making any findings but after considering the general sentencing factors provided in the statute." *State v. Hardin*, 2008 Ohio 2886, ¶ 1, 2008 Ohio App. LEXIS 2409 (Ohio App. 2nd Dist. June 13, 2008).

After receiving the same sentence on remand, Petitioner again appealed, raising the same grounds as he pleads here. The Court of Appeals decided:

> [*P2] In his first assignment, Hardin contends the trial court erred in not re-sentencing him to minimum prison terms. Hardin argues that the effect of the *Foster* opinion by the Ohio Supreme Court is to create a sentencing law which is more onerous and violates the ex post facto provisions of the United States Constitution, citing *Rogers v. Tennessee* (2001), 532 U.S. 451, 121 S. Ct. 1693, 149 L. Ed. 2d 697.

> [*P3] As a court of appeals, we are in no position to find the Ohio Supreme Court's opinion violated a federal constitutional provision. See *State v. Burkhart*, Champaign App. No. 06CA18, 2007 Ohio 3436, P7. The Appellant's first assignment of error is Overruled.
>
> [*P4] In his second assignment, Appellant contends the trial court was required to impose concurrent sentences upon him because *Foster* effectively eliminated the trial court's authority to impose consecutive sentences. This assignment must also be Overruled. See *State v. Frazier,* 115 Ohio St.3d 139, 2007 Ohio 5048, 873 N.E.2d 1263.
>
> [*P5] The Judgment of the trial court is Affirmed.

*Id*.

The Court of Appeals did not decide for itself the *ex post facto* question, but held it could not find a decision of its superior court, the Ohio Supreme Court, to be unconstitutional. Thus its decision on the *ex post facto* question is not a decision on the merits of that question to which a federal habeas court must defer under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). However, this Court has itself decided that the Ohio Supreme Court's severance decision in *State v. Foster* does not violate the *Ex Post Facto* Clause. *Smith v. Cook*, Case No. 3:08-cv-107 (S.D. Ohio Aug. 27, 2008)(Merz, M.J.); *Parker v. Warden*, 2008 WL 4547490 (S.D. Ohio, Oct. 10, 2008)(Rice, J.) Based on those prior decisions and the doctrine of *stare decisis*, Petitioner's First Ground for Relief should be denied.

In his Second Ground for Relief, Petitioner seems to argue that the Ohio Supreme Court in *State v. Foster* eliminated the jurisdiction of Common Pleas Courts to impose consecutive sentences or invalidated the provisions of Ohio law authorizing consecutive sentences. It is of course unconstitutional under the Due Process Clause of the Fourteenth Amendment for a court without jurisdiction to impose a sentence of confinement. Therefore Petitioner's second claim is cognizable

in this Court. However it is a question of Ohio state law whether a particular court has subject matter jurisdiction to impose a particular sentence. In Ohio it is the Common Pleas Court which has subject matter jurisdiction over felony offenses. Nothing on the face of the *Foster* opinion purports to deprive the Common Pleas Courts of that jurisdiction. Indeed, the severance remedy adopted by the Ohio Supreme Court in *Foster* specifically reserved to the Common Pleas Courts the authority to impose any sentence authorized by the Revised Code without making the findings of fact which had been required by the Code prior to *Foster*. Petitioner's Second Ground for Relief should therefore also be denied.

**Conclusion**

Based on the foregoing analysis, the Petition herein should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

January 21, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part

upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).